

**FILED**

DEC 3 0 2009

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| WILLIAM HENRY, | ) | CV 08-81-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GOV. BRIAN SCHWEITZER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Henry brings this action under 42 U.S.C. § 1983 alleging a violation of his constitutional rights arising from the denial of visitation with his wife and children. Henry also alleges that he was not allowed to have photos of his family, his legal mail was intercepted and destroyed, and retaliation.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Amended Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or

any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations in which he concludes that several of Plaintiff Henry's claims should be dismissed. The retaliation claim should be dismissed, Judge Strong concludes, because the Plaintiff has not alleged a nexus between the adverse actions he complains of and his exercise of protected rights. Judge Strong finds that the due process claim fails because Plaintiff has no liberty interest in his family's visitation. He also recommends dismissal of the Plaintiff's claim for violation of the Fourth Amendment right to marriage because such a claim is not supported by any legal authority. Finally, Judge Strong recommends dismissal of the claim that Defendant Reich failed to conduct an adequate investigation into Plaintiff's grievances because there is no constitutional right to a prison administrative appeal. Judge Strong allowed Plaintiff's remaining claims to move forward.

Henry has also filed a motion for a temporary restraining order and preliminary injunction, seeking an order preventing the Defendants from transferring him to another facility, reclassifying him, or otherwise retaliating against him for filing this suit. Judge Strong considered the motion and recommends that it be denied. Judge Strong explained that the Plaintiff failed to make a showing of irreparable harm and failed to demonstrate any relationship

between the requested relief and his constitutional claim.

Plaintiff Henry did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

I can find no clear error with Judge Strong's Findings and Recommendations (Doc. No. 12) and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED:

(1) All claims against Defendants Schweitzer, the Montana Department of Corrections, Ferriter, Ward, Montana State Prison, and Mahoney are DISMISSED WITHOUT PREJUDICE, as Plaintiff did not name those Defendants in his Amended Complaint.

(2) Plaintiff's retaliation, due process, Fourth Amendment, and grievance claims are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

(3) The claims against Defendants Reich and ISP Officer John Doe are DISMISSED WITH PREJUDICE.

(4) Plaintiff's motion for temporary restraining order and preliminary

injunction (Doc. No. 10) is DENIED.

DATED this 30th day of December, 2009.

_____
Donald W. Molloy, District Judge
United States District Court