IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| WILLIAM HENRY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DENISE DEYOTT, et al.,<br><br>　　　　Defendants. | Cause No.  CV 08-081-H-DWM-RKS<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO ADD DEFENDANTS AND FINDINGS AND RECOMMENDATIONS TO DENY MOTION FOR TEMPORARY RESTRAINING ORDER |

　　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Pending are Plaintiff's Motion for Appointment of Counsel (Court Doc. 28), Motion for Temporary Restraining Order (Court Doc. 29), and Motion to Add Defendants (Court Doc. 30).

I. <u>Motion to Appoint Counsel</u>

There is no constitutional right to appointed counsel in a claim under 42 U.S.C. § 1983. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn on other grounds, 154 F.3d 952, 962 (9th Cir. 1998). 28 U.S.C.§ 1915 only allows the Court to "request" counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. §1915(e)(1). The Court cannot make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).

Therefore, the Court may request counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)) only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

Id. (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)

(citations omitted) (§ 1983 action)); see also Smith-Bey v. Hospital Adm'r, 841 F.2d 751, 760 (7th Cir. 1988) (Bivens action).

Plaintiff submits he has been maliciously retaliated against and placed in "the hole" where he is denied his legal work and access to the law library.

Plaintiff has not demonstrated exceptional circumstances requiring the Court to request counsel to represent Plaintiff in this matter.  Plaintiff may temporarily be without access to the law library and his legal work.  But he contends he was sentenced to 30 days in "the hole" on or about February 24, 2010, thus he should be released within the week.  His disciplinary placement is only temporary and should not affect the remainder of this lawsuit.

In determining whether an indigent pro se litigant should receive counsel, an assessment of that litigant's performance in the case may be evidence he has some ability to navigate in the legal proceedings. See Plummer v. Grimes, 87 F.3d 1032, 1033 (9th Cir. 1996).  In the instant case, Plaintiff has demonstrated the ability to articulate his position effectively.  Even while being in "the hole," Plaintiff filed three

ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND TO ADD DEFENDANTS AND FINDINGS AND RECOMMENDATIONS TO DENY MOTION FOR TEMPORARY RESTRAINING ORDER - CV 08-081-H-DWM-RKS/ PAGE 3

motions including an extensive motion for temporary restraining order with exhibits. Plaintiff is able to navigate his way through these legal proceedings. Therefore, the motion will be denied.   II.  Motion for Temporary Restraining Order

Also pending is Plaintiff's Third Motion for Temporary Restraining Order.[1]  Plaintiff again asks the Court to issue a restraining order and to order a state investigation "into the malicious retaliation that the Plaintiff now suffers." (Court Doc. 29, p. 1).

Plaintiff provides details of a recent disciplinary hearing wherein he was charged with and found guilty of sexually assaulting and making sexual proposals to another inmate.  He contends the entire disciplinary process was done in retaliation for his litigation activities.

---

[1] Plaintiff's First Motion for Temporary Restraining Order and Preliminary Injunction, which sought to prevent acts of retaliation, was filed December 1, 2008. (Court Doc. 3). It was denied February 2, 2009. (Court Doc. 7).  Plaintiff's Second Motion for Temporary Restraining Order and Preliminary Injunction was filed November 10, 2009 and also sought to prevent acts of retaliation. (Court Doc. 10).  It was denied December 30, 2009. (Court Doc. 15).

The traditional equitable criteria for granting a preliminary injunction in the Ninth Circuit are: "(1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995); Clear Channel Outdoor, Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003). Alternatively, the moving party may demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions going to the merits were raised and the balance of hardships tips sharply in his or her favor. Johnson, 72 F.3d at 1430 (emphasis added); see also Earth Island Institute v. U.S. Forest Service, 351 F.3d 1291, 1298 (9th Cir. 2003). These alternatives represent "extremes of a single continuum" rather than two separate tests and thus, the "greater the relative hardship to (the party seeking the preliminary injunction), the less probability of success must be shown." Clear Channel, 340 F.3d at 813.

The first prong of the preliminary injunction standard is the probability of success on the merits. The only remaining claims in this action are Plaintiff's First Amendment claims regarding visitation and his legal mail. As with his first motion for a restraining order, Plaintiff does not demonstrate that he will probably prevail on the merits of his First Amendment claims. In fact, there is a pending motion to dismiss Plaintiff's claims for failure to exhaust his administrative remedies to which he has not responded.

Plaintiff makes no connection between the allegations in the complaint and the retaliation allegations in his motion. Plaintiff's motion to prevent prison officials from retaliating against him is not related to his First Amendment visitation issues or whether Plaintiff's legal mail is opened outside his presence.

State prison officials are given deference in day-to-day prison operations due to separation of powers and federalism concerns. Turner v. Safley, 482 U.S. 78, 84-85 (1987). Plaintiff seeks to relitigate the disciplinary hearing he describes in his motion. This the Court will not do.

Plaintiff's motion should be denied.

III. Motion to Add Defendants

Under Rule 15(a), leave to amend a complaint shall be freely given when justice so requires, but Rule 15(a) does not apply when a district court has established a deadline for amended pleadings under Rule 16(b). Once a district court has entered a scheduling order, subsequent amendments are not allowed without leave of the Court, and any such modification must be based on a showing of good cause. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).

The Court's January 12, 2010 Scheduling Order required any amendments to the pleadings be served on or before March 1, 2010. Plaintiff missed this deadline.

Beyond the time deadline issue, Plaintiff only seeks to add Defendants involved in the alleged retaliation discussed above. This case is only proceeding on Plaintiff's First Amendment mail and visitation claims. There is no pending retaliation claim and as such Plaintiff's motion will be denied. Unrelated claims against different

defendants belong in different lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Accordingly, the Court issues the following:

ORDER

1. Plaintiff's Motion to Appoint Counsel (Court Doc. 28) is DENIED.

2. Plaintiff's Motion to Add Defendants (Court Doc. 30) is DENIED.

3. At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

## RECOMMENDATIONS

Plaintiff's Motion for Temporary Restraining Order (Court Doc. 29) should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendationd within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This Order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 17th day of March, 2010.

      /s/ Keith Strong
Keith Strong
United States Magistrate Judge