

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| WILLIAM HENRY, | ) | CV 08-81-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DENISE DEYOTT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Henry is a state prisoner proceeding pro se. He filed an action pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Keith Strong entered Findings and Recommendation in this matter on April 15, 2010. Judge Strong recommended dismissing Henry's complaint for failure to exhaust administrative remedies. Plaintiff timely objected , and, therefore, he is entitled to de novo review of those portions of the Findings and Recommendation to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error.

McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Henry brought this action alleging the defendants violated his civil rights by restricting his visits with his children and grandchildren and by removing pictures of his family from his cell. He also claimed interference with his legal mail. Judge Strong recommended granting defendants' motion to dismiss because Henry failed to exhaust his administrative remedies. Henry filed one informal grievance and one formal grievance as to the ban of family visitation, but Judge Strong found the grievances were not timely filed as required by prison regulations. Therefore, because he failed to properly exhaust his administrative remedies by correctly following the required steps in the grievance process, Judge Strong recommended dismissal of his complaint. See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).

Henry objects, claiming the delay in filing a grievance procedure was due to his sending "kites," or inmate request forms, to gather more information about the incidents before he could fully fill out the informal grievance form. He claims his "kites" requested more information about who was responsible for the decisions to restrict visitation and remove pictures from his cell, and until he knew that information, he could not properly fill out the grievance forms.

The record does not support Henry's assertion that he did not have adequate information to file a timely grievance form. His amended complaint asserts that on August 21, 2008, "Case Manager/Toni Barkley informed [Henry] his children, grandchildren and wife could no longer visit. . . . Case Manager/Toni Barkley stated Mail Room Supervisor/Denise Deyott stopped the visits per paperwork in [Henry's] file." Amd. Compl., ¶ 23. Henry asserts he then requested a copy of his judgment on August 27, 2008 and again on September 1, 2008. Id. at ¶¶ 25, 31. Henry did not file an informal grievance form at that time, despite having only five working days to do so under prison regulations. On September 24, 2008, Henry alleges photos of his family were removed from his cell and he was told that "ITU Counselor/ Blair Hopkins said he could not have visits from wife, children and grandchildren, nor have the pictures." Id. at ¶¶ 34-38. On September 28, 2008, Henry sent a request form to Blair Hopkins requesting the reason for the decision to restrict visitation and remove his photos. On September 29, he received a response that Hopkins had been asked to review Henry's paperwork and had then determined visits with minors were inappropriate. Id. at ¶¶ 39, 40; Compl., Ex. E, (dkt #2-1 at 6). On September 30, Henry sent another request to Hopkins asking who had directed Hopkins to review Henry's paperwork. Amd. Compl., ¶ 42; Compl., Ex. F (dkt #2-2 at 1). Not until October 7, 2008, did Henry file an

informal grievance form. Amd. Compl., ¶ 44; Compl., Ex. G (dkt #2-2 at 2).

Based on a review of the facts alleged by Henry and the documents he has submitted, the Court agrees with Judge Strong that Henry did not file timely grievance forms, as required by prison regulations. At the time Henry's visits were restricted, he knew both the counselor who had informed him, Barkley, and the mail room supervisor Deyott, who directed the visits be stopped due to paperwork in his file. Despite knowing this information, he did not file a timely grievance form, but continued to file "kites" requesting his judgment form. On September 24, when photos were allegedly removed from his cell, he was informed the decision had been made by Blair Hopkins. Rather than filing a timely grievance form, he sent two "kites" to Hopkins. Not until October 7, 2008, over a month after he was required to file a grievance regarding visitation and almost a week after he was required to file a grievance regarding the photos, did Henry file his first grievance form. Henry does not offer anything to show he attempted to properly exhaust his administrative remedies, but was precluded from doing so by the actions of prison officials. See e.g. Nunez v. Duncan, 591 F.3d 1217, 1224-25 (9th Cir. 2010). Instead, his own allegations show that he had adequate information to file a grievance, but simply failed to file within the time limits. Because he did not properly exhaust administrative remedies by filing

timely grievance forms, Henry's complaint must be dismissed. Woodford, 548 U.S. at 90-93.

Henry also argues two prison staff, Billie Reich and Scott McNeil, failed to follow the proper procedures in processing his grievances, and their failures have led to the recommendation to dismiss his claim. He claims Scott, in particular, has a personal vendetta against Henry. Any actions by Reich and Scott occurred after Henry submitted his untimely grievance form and are thus irrelevant to the issue of whether he properly exhausted his administrative remedies.

Henry objects on the grounds that his therapist reportedly does not oppose his family visits and because he claims both he and his family members have suffered distress because they are not permitted to visit. However, these facts have no bearing on whether Henry is prohibited from proceeding with his claim due to the failure to exhaust administrative remedies.

Finally, Henry makes no argument that he attempted to exhaust administrative remedies regarding his allegations of interference with his legal mail.

I find no clear error in Judge Strong's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and

Recommendation (dkt #35) are adopted in full.

IT IS FURTHER ORDERED that Defendant's motion to dismiss (dkt #24) is GRANTED and this matter is DISMISSED WITHOUT PREJUDICE.

The Clerk of Court is directed to close this matter and to enter judgment pursuant to Fed. R. Civ. P. 58.

Dated this 27th day of May, 2010.

Donald W. Molloy, District Judge
United States District Court